MORRISON MANUFACTURING CO. v. W. P. BRYSON, Appellant.

Commission contract: REPAYMENT BY AGENT. Where a salesman's
1  contract provided for the payment of a commission on goods
   sold in a certain territory, with a provision that commissions
   paid on lost accounts or returned goods should be charged
   back to him, a new contract in effect simply changing the
   territory did not release the agent from liability to refund
   commissions, which under the terms of the first contract it
   became his duty to refund.

Evidence: REFRESHING THE RECOLLECTION. It was not prejudicial to
2  permit a witness to refresh his recollection concerning an ac-

count, from memoranda made from the books, where both the memoranda and books were introduced in evidence.

**Evidence:** EXPLANATION OF WRITING.    In an action to recover com-
3   missions advanced an agent, parol evidence was admissible to show that the words "keep them out," in the commission contract, meant that commissions should be paid on such goods as the agent might effect a settlement for with dealers to whom they had been sold.

**Contracts:** -SUBSTITUTION:   ORAL CHANGE.   An oral agreement to re-
4   lease an agent from further liability on his commission contract when made as an inducement to enter into a new contract, is enforceable, and where there is evidence in support of the same the issue should be submitted to the jury.

*Appeal from Keokuk· Superior Court.*— HON. W. L. Mc-NAMARA, Judge.

WEDNESDAY, JUNE 14, 1905.*

ACTION on an account for money advanced to defendant, who was the agent of the plaintiff.   Defendant denied liability on the account, and interposed a counterclaim for compensation under a contract.   Verdict for plaintiff for a portion of the amount of its claim, and from judgment thereon defendant appeals.— *Reversed.*

*Richard B. Wilcox,* for appellant.

*D. F. Miller* and *R. N. Johnson,* for appellee.

McCLAIN, J.— Under a contract made at Ft. Madison, Iowa, July 13, 1901, and which is referred to in the record as the "Iowa contract," defendant was employed by plaintiff as an agent on commission to make sales of agricultural implements for the plaintiff within certain counties of Iowa.   In this contract it was provided that defendant's commission should be paid, one-half when the orders were taken and accepted by plain-

1. COMMISSION CONTRACT: re-payment by agent.

* See date supplemental opinion published herewith.

tiff, and one-half when the orders were filled; and it was further provided " that this provision only applies to such orders as are accepted and filled, and that where we [the plaintiff] lose the account or take back the goods, the commission is not to be paid, or, if it has been paid, it is to be charged back."   A considerable part of the plaintiff's claim is to recover back commissions paid, which, as plaintiff contends, it was the duty of the defendant to refund, under this clause in the Iowa contract.

It is contended on behalf of defendant that this contract was superseded by another made by a letter written June 3, 1902, and accepted by the defendant, which is called the " Kansas City contract," and relates to services to be rendered by defendant as a salesman in certain territory in Missouri, Kansas, and Oklahoma, the last clause of which letter is " This contract supersedes the one dated July 13, 1901." But we have no difficulty in reaching the conclusion that, if plaintiff became entitled to a refund of commissions paid to defendant under the Iowa contract while it was in force, such commissions could be recovered back, although action therefor was not brought until after the Iowa contract was rescinded by the Kansas City contract.   The effect of the latter contract was to change the territory within which defendant should act as plaintiff's agent, but we do not think it had the effect of releasing defendant from liability to refund commissions paid under the Iowa contract, which under the terms of that contract it became the duty of the defendant to refund.   This conclusion disposes of the principal controversy between the parties on this appeal.

A claim of error is predicated, for appellant, on objections which were overruled to certain questions asked of a witness for plaintiff concerning a paper which she used to refresh her recollection in regard to the items of charge in plaintiff's account.   The paper was introduced in evidence, and it appeared that it consisted merely of memoranda made from plaintiff's

2. EVIDENCE: refreshing the recollection.

books, which were also introduced in evidence. We cannot discover, therefore, that there was any prejudicial error in the use made of the memoranda. Even if the objections should have been sustained when made, they were afterwards substantially waived by asking the witness on cross-examination as to the whole matter.

With reference to defendant's counterclaim, which was for compensation alleged to have been earned under a verbal contract with plaintiff to take charge of a lot of listers and cultivators turned over to plaintiff by another

3. EVIDENCE: explanation of writing.

company, and which plaintiff agreed defendant should have a commission on to the extent that he could " keep them out " with the dealers to whom the other company had sold them, the liability of the plaintiff turned on the meaning of the term " keep out "; and parol evidence was admitted, over defendant's objection, tending to show that by that expression it was meant that commissions should be paid on such of the machines as defendant should be able to effect a settlement for with the dealers to whom they had been sold. We discover no reason disclosed by the record, nor by the authorities cited for appellant, why this evidence was not admissible, and find no error in the ruling of the court in this respect.

## Supplemental Opinion.

### TUESDAY, FEBRUARY 13, 1906.

McCLAIN, C. J.— On a petition for rehearing in this case the attention of the court was called to the fact that one point made for appellant had not been considered. A re-

4. CONTRACTS: substitution: oral change.

hearing having been granted, on the belief entertained by the members of the court that on this point a reversal should have been reached, the case is now before us to be further considered as to that point, which is briefly, that there is some evidence

in the record on which the jury might have found, had the question been submitted to them, that, when the substitution of the Kansas City contract for the Iowa contract was discussed between defendant and the president of plaintiff company, the latter agreed orally that defendant should be released from further liability to be recharged for any commissions paid him on sales, made under the Iowa contract, of goods for which the accounts proved not to be good, or which were returned. Such an oral agreement as an inducement to the substitution of the Kansas City contract for the Iowa contract would be good and enforceable, and the question whether such agreement was made should have been submitted. For this error the judgment should have been reversed, but we are still satisfied with the correctness of the conclusions reached on the points which were considered in the original opinion.

That opinion is adhered to on the points therein considered, but for the error pointed out in this supplemental opinion the judgment is *reversed*.